Jacqueline Mandel, Esq.
Craig Sanders, Esq.
jmandel@sanderslaw.group
csanders@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ulices Ramales,<br><br>  Plaintiff,<br><br>  v.<br><br>Chrissy Teigen,<br><br>  Defendant. | Case No:<br><br>**COMPLAINT FOR:**<br>  (1) **Copyright Infringement under 17 U.S.C §501**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ulices Ramales ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Chrissy Teigen ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §501.

2. Plaintiff created a photograph of Katie Holmes in a black blazer and denim pants (the "Photograph") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates an Instagram account named as

chrissyteigen (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Ulices Ramales is an individual who is a citizen of the State of New York and maintains a principal place of business in Bronx County, New York.

6. On information and belief, defendant Chrissy Teigen, is an individual who is a citizen of the State of California with a principal place of business at 1259 Beverly Estate Ter, Beverly Hills in Los Angeles County, California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because she domiciled in California.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant is domiciled in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. On June 16, 2022, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

15. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

16. On July 28, 2022, the Photograph was registered by USCO under Registration No. VA 2-312-097.

17. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

18. Plaintiff published the Photograph by commercially licensing it to a third party media company or agency for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

19. Defendant is the operator of the Account and is responsible for its content.

20. The Account is a part of and used to advance Defendant's commercial enterprises.

21. The Account is a key component of Defendant's popular and lucrative commercial enterprise.

22. On or about June 19, 2022, Defendant displayed the Photograph on the Account as part of her Instagram "story" at URL: https://instagram.com/stories/chrissyteigen/2863714183138015392?utm_source=ig_story_item_share&igshid=YmMyMTA2M2Y=. A copy of a screengrab of the Account including the Photograph is attached hereto as Exhibit 2.

23. Without permission or authorization from Plaintiff, Defendant

volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Account.

24. Plaintiff first observed and actually discovered the Infringement on June 19, 2022.

25. On information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

26. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

27. The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Account.

28. On information and belief, Defendant takes an active and pervasive role in the content posted on her Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

29. On information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

30. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim thatshet was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

31. On information and belief, Defendant engaged in the Infringement

knowingly and in violation of applicable United States copyright laws.

32. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on her Account and exercised and/or had the right and ability to exercise such right.

33. On information and belief, Defendant monitors the content on her Account.

34. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

35. On information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in her commercial enterprises.

36. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

37. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

38. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

39. Defendant's use of the Photograph harmed the actual market for the Photograph.

40. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

41. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

42. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

43. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

44. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

45. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

46. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

47. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

48. On information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Account.

49. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

50. As a result of the Defendant's violations of Title 17 of the U.S. Code,

the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

51. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

52. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

 a. Finding that Defendant infringed upon Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

 b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

 c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

 d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

 e. for pre-judgment interest as permitted by law; and

 f. for any other relief the Court deems just and proper.

DATED: September 5, 2023

**SANDERS LAW GROUP**

By:   */s/ Jacqueline Mandel*
Jacqueline Mandel, Esq.
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402 Uniondale, NY 11553
Tel: (516) 203-7600
Email: jmandel@sanderslaw.group
Email: csanders@sanderslaw.group
File No.: 127254
*Attorneys for Plaintiff*