VENABLE LLP
David E. Fink (SBN 169212)
defink@venable.com
Sharoni S. Finkelstein (SBN 271829)
ssfinkelstein@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

*Attorneys for Defendant Chrissy Teigen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULICES RAMALES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHRISSY TEIGEN,<br><br>　　　　　Defendant. | Case No. 2:23-cv-07312-FMO (Ex)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Proposed Order; Request for Judicial Notice]<br><br>Date:　　　February 1, 2024<br>Time:　　　10:00 a.m.<br>Courtroom: 6D<br><br>Judge:  Fernando M. Olguin<br>Action Filed: September 5, 2023 |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, February 1, 2024 at 10:00 a.m. in Courtroom 6D, or as soon thereafter as counsel may be heard, Defendant Chrissy Teigen ("Defendant") will and hereby does respectfully move the Court for an order dismissing Plaintiff Ulices Ramales' First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that he has not, and cannot, plead a viable claim for relief for copyright infringement because Defendant's reproduction of Plaintiff's photo was a fair use, and not an infringement of copyright. No amendment would cure the defects in the First Amended Complaint, and the Court therefore should dismiss the First Amended Complaint without leave to amend.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 22, 2023.

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, all other pleadings and papers on file herein, and such other argument and evidence as may be presented to the Court prior to or during the hearing on this Motion.

Dated: January 3, 2024

Respectfully submitted,

VENABLE LLP

By: */s/ David E. Fink*
David E. Fink
Sharoni S. Finkelstein
*Attorneys for Defendant Chrissy Teigen*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Chrissy Teigen ("Defendant") hereby respectfully moves to dismiss the sole claim against her in the First Amended Complaint, filed on December 20, 2023 ("FAC") by Plaintiff Ulices Ramales ("Plaintiff"), under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.  INTRODUCTION

Defendant is a world-famous fashion model, actor, fashion designer and entrepreneur, who has approximately 42.8 million followers on her personal Instagram account. Through this action, Plaintiff seeks to extort Defendant into paying him a windfall by alleging a copyright infringement based on Defendants' fair use of an image in a social media post for the purposes of commentary on the subject of fashion. Rather than focusing on his craft as a commercial photographer, Plaintiff seeks instead to make a profit from suing various celebrities including Defendant, Anna Kendrick (Case No. 2:22-cv-00731, C.D. Cal., filed Feb. 2, 2022), Jennifer Hudson (Case No. 1:21-cv-05062, N.D. Ill., filed Sept. 24, 2021), Rose Byrne (Case No. 1:22-cv-02079, S.D.N.Y., filed Apr. 11, 2022), and Gigi Hadid (Case No. 1:23-cv-07060, S.D.N.Y., filed Aug. 10, 2023), among others.

The FAC alleges that Defendant posted on her Instagram Stories a candid photo taken by Plaintiff featuring an image of actress Katie Holmes, with the caption "would live in this outfit" (Dkt. 1, Exhibit 2[1]), and that such use of the photo constitutes copyright infringement. It does not. Under the plain language of the Copyright Act, "the fair use of a copyrighted work, . . . for purposes such as criticism, comment, [or] news reporting, . . . *is not an infringement of copyright*." 17 U.S.C. § 107 (emphasis added). Because fair use is a *non-infringing use*, the claim for copyright infringement fails as a matter of law.

Because Plaintiff's claim is defective on its face, and such defect has not been cured through Plaintiff's voluntary amendment of the Complaint, Defendant

---

[1] Defendant refers to the exhibits appended to Dkt. 1 because Plaintiff failed to attach any exhibits to the FAC, despite referencing purported exhibits in the FAC.

respectfully requests that the Court dismiss the FAC, with prejudice.

## II. FACTUAL BACKGROUND

Defendant disputes certain of Plaintiff's allegations set forth in the FAC but assumes, for purposes of this motion only, the truth of Plaintiff's factual allegations. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). Plaintiff alleges the following facts that are relevant to this motion:

Plaintiff captured a candid, paparazzi-style photograph of actress Katie Holmes on a public street, wearing a fashionable outfit, including a black blazer and uniquely styled denim pants (the "Photograph"). (Dkt. 1 at ¶ 2, Exhibit 1.) Plaintiff does not allege that he directed or posed Ms. Holmes in any manner, or in any way influenced the clothing worn by Ms. Holmes. Plaintiff alleges that he owns Copyright Registration No. VA 2-312-097 for the Photograph. (*Id.* at ¶ 16.)

Defendant is a globally recognized fashion model, actor, fashion designer and entrepreneur. Defendant owns and operates a personal Instagram account with the handle @chrissyteigen, which has approximately 42.8 million followers. (Dkt. 22 at ¶¶ 3, 23.) On or around June 19, 2022, Defendant posted the Photograph to her Instagram stories[2] with the caption "would live in this outfit". (*Id.* at ¶ 24; Dkt. 1, Exhibit 2.) As shown at Exhibit 2, Defendant's Instagram post credits Plaintiff for the Photograph.

Plaintiff alleges that Defendant uses her Instagram account as "a part of and [to] advance Defendant's commercial enterprises." (Dkt. 22 at ¶ 21.) Plaintiff further alleges, on information and belief, that Defendant's use of the Photograph "increased traffic to the [Instagram account] and, in turn, caused Defendant to realize an increase in her commercial enterprises." (*Id.* at ¶ 39.) The FAC repeatedly references Defendant's Instagram account, the nature and purpose of which is central to Plaintiff's claim. Defendant's personal Instagram page is accessible at

---

[2] Instagram "stories" allow users to share photos, videos, and other multimedia content that automatically disappears after 24 hours. *See* https://about.instagram.com/features/stories.

https://www.instagram.com/chrissyteigen/ ("personal account"). Defendant also has a separate Instagram business page for her lifestyle brand, "Cravings," accessible at https://www.instagram.com/cravingsbychrissyteigen/ ("business account"). A request for judicial notice ("RJN") of Defendant's Instagram personal account and business account is submitted concurrently herewith.

On December 8, 2023, Defendant filed a Motion to Dismiss the original Complaint on grounds that Defendant's use of the Photograph constitutes fair use under the Copyright Act. (Dkt. 17.) Rather than respond to the motion, on December 20, 2023, Plaintiff filed the FAC. (Dkt. 22.) The FAC is in all material respects <u>identical</u> to the Complaint, except that Plaintiff now alleges that the "purpose of the Photograph is to show the actress Katie Holmes' fashionable outfit." (*Id.* at ¶ 17.) Plaintiff also now alleges, upon information and belief, that "Defendant posted the Photograph to show her followers Katie Holmes' outfit." (*Id.* at ¶ 26.)

### III. <u>THE FAC SHOULD BE DISMISSED AS A MATTER OF LAW</u>

#### A. <u>Legal Standard</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory allegations are insufficient. *Iqbal*, 556 U.S. at 678. While detailed factual allegations are not needed to survive a motion to dismiss, a party's obligation to provide the grounds of its entitlement to relief requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotations, brackets and citations omitted).

The Court is "not required to read in missing facts necessary to perfect" a party's claims. *DuBois v. Ford Motor Co.*, 276 F.3d 1019, 1024 (8th Cir. 2002). "Nor is the court required to accept as true allegations that are merely conclusory,

unwarranted deductions of fact, or unreasonable inferences." *Cholla Ready Mix v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

### B. Defendant's Instagram Post is a Fair Use of the Photograph, Not Infringement

The sole cause of action alleged in the FAC is a claim for copyright infringement under 17 U.S.C. § 501 *et seq.* (Dkt. 1 at ¶¶ 44-53.) Copyright infringement occurs when a copyrighted work is reproduced, distributed, or displayed without the copyright holder's authorization. 17 U.S.C. § 501; *see Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (copyright infringement plaintiff "must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant."). Section 107 of the Copyright Act <u>expressly exempts</u> from its definition of "infringement" the "fair use" of a copyrighted work "for purposes such as criticism, comment, news reporting, teaching . . . scholarship, or research." 17 U.S.C. § 107. As the Supreme Court has recognized, "anyone who . . . makes a fair use of the [copyrighted] work is not infringer of the copyright with respect to such use." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 646 U.S. 417, 433 (1984); *see also In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 879 (N.D. Cal. 2022) ("Copying does not violate the copyright laws if it constitutes fair use.").

Because the fair use of a copyrighted work is not an infringement as a matter of law, dismissal at this stage is appropriate and warranted. *See Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1152-53 (9th Cir. 2016) (noting that Section 107 "both 'empowers' and 'formally approves' the use of copyrighted material if the use constitutes fair use."); *Whiddon v. Buzzfeed, Inc.*, 638 F. Supp. 3d 342, 350 (S.D.N.Y. Oct. 31, 2022) (quoting *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013)) (fair use may be decided on a motion to dismiss "where the facts necessary to establish the defense are evident on the face of the complaint.").

Fair use requires the examination of four factors: (1) the purpose and

character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107. These factors are "to be explored, and the results weighed together, in light of the purposes of copyright." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994).

Each of these factors support the finding that Defendant's use of the Photograph on her Instagram stories was fair use and not an infringement.

### 1. *Purpose and Character of the Use*

This first factor asks the Court to consider the purpose of the use (whether it "is for criticism, or comment, or news reporting"), and whether defendant's use of the work is "transformative" in that it "adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message." *Campbell*, 510 U.S. at 577. "[T]he more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use." *Id.* at 579.

Here, Defendant's use of the Photograph was undisputedly *not* commercial. Plaintiff attempts to plead around this fact by making conclusory allegations, on information and belief, that use of the Photograph "increased traffic" to Defendant's personal account, and that Defendant "received a financial benefit directly attributable to" use of the Photograph. (Dkt. 1 at ¶¶ 38-39.) The Court need not accept as true these speculative assertions. *Cholla Ready Mix*, 382 F.3d at 973 (the Court need to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *see also New Name, Inc. v. Walt Disney Co.*, No. 07-cv-5034 PA (RZx), 2007 WL 5061697, at *2-3 (C.D. Cal. Dec. 3, 2007) (granting motion to dismiss allegations made "on information and belief," because they were "merely speculative," and "precisely the sort of 'formulaic

recitation that of the elements of a cause of action' that the Supreme Court held is insufficient to state a claim for relief.").

Indeed, Defendant's personal account boasts over 42.8 million followers, and contains over 5,400 posts as of the date of this filing. *See* RJN, Exhibit 1. The notion that posting the Photograph with commentary expressing Defendant's views on Ms. Holmes' outfit somehow resulted in "increased traffic" to Defendant's personal account is absurd; and it is precisely the type of unwarranted deduction of facts that this Court need not accept. Plaintiff's conclusions are further contradicted by the fact that the Photograph was posted as a transient "story" post, which is automatically deleted in 24 hours.

Moreover, Defendant's use of the Photograph was plainly transformative in that it was the basis of an expressive message—"would live in this outfit"—in prominent, bold lettering beneath the photo. Courts have regularly found that adding commentary to an original work, as Defendant did, is transformative. *See, e.g.*, *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1177 (9th Cir. 2013) ("[A]n allegedly infringing work is typically viewed as transformative as long as new expressive content or message is apparent."); *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 879-80 (use of copyrighted photos in a Twitter post commenting on the subject of the photos "gave the photos a new meaning—an expression of the author's apparent distaste for the lifestyle and moral compass of one-percenters."); *Philpot v. Media Research Ctr., Inc.*, 279 F. Supp. 3d 708, 716 (E.D. Va. 2018) (adding commentary about photos of celebrities is transformative because it "changes the way in which viewers experience the Photographs."); *Yang v. Mic Network, Inc.*, 405 F. Supp. 3d 537, 543 (S.D.N.Y. 2019) ("Using a portion of an original work to identify and inform viewers about the subject of controversy can constitute transformative use.").

Recognizing that Defendant's use of the Photograph was transformative as it provided commentary on Ms. Holmes' outfit, Plaintiff now seeks to comingle the

"nature and purpose" of the Photograph with Defendant's use of the Photograph by alleging that Plaintiff created the Photograph "to show the actress Katie Holmes' fashionable outfit" (Dkt. 22, at ¶ 17), and that "Defendant posted the Photograph to show her followers Katie Holmes' outfit" (Dkt. 22, at ¶ 26). Plaintiff's attempt to plead around the transformative nature of Defendant's Instagram story fails for two reasons.

First, the FAC mischaracterizes Defendant's Instagram story—which is apparent from the face of the story itself. (Dkt. 1, Exhibit 2.) For convenience, the Instagram story is reproduced below:



As shown above, the Photograph was not posted simply to show an outfit, but to provide <u>*commentary*</u> on that outfit from Defendant's unique perspective as a globally recognized fashion model and designer.

Second, although the Court must accept as true well-pleaded factual allegations on a motion to dismiss, it also "may consider materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d

1031, 1038 (9th Cir. 2010). Here, the public record shows that the Photograph was one of nearly two hundred fifty (250) photos registered under Copyright Registration No. VA 2-312-097, all of which are described as photos of various celebrities including Katie Holmes, Olivia Rodrigo, Gerard Butler, Hailey Bieber, and Dakota Johnson. *See* RJN, Exhibit 2. The copyright registration does not contain a single description of or reference to fashion or apparel for any of the photograph subjects. Instead, the copyright registration tells a clear story: that the Photograph was one of many candid paparazzi photos of celebrities. The Court need not accept Plaintiff's contradictory allegation that the "purpose" of the Photograph was to showcase Ms. Holmes' "fashionable outfit," and can instead look to the public record which demonstrates clearly that the purpose of the Photograph was commercialize a celebrity photo. *See Coto Settlement*, 593 F.3d at 1038; Dkt. 22 at ¶ 18 ("Plaintiff created the Photograph with the intention of it being used commercially. . . .").

The first factor of the fair use analysis weighs heavily in favor of Defendant.

### 2. *Nature of the Copyrighted Work*

The second fair use factor "recognizes that creative works are closer to the core of intended copyright protection than informational and functional works." *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443, 455 (9th Cir. 2020). Further, "[p]ublished works are more likely to qualify as fair use because the first appearance of the artist's expression has already occurred." *Seltzer*, 725 F.3d at 1178 (citation and quotation omitted).

There is no dispute that the Photograph was published prior to Defendant's use. Indeed, the Photograph was first published on June 16, 2022. (Dkt. 22 at ¶ 14.) Defendant did not post the Photograph until days later, on June 19, 2022. (*Id.* at ¶ 24.) The time of publication weighs in favor of fair use. *See Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820 (9th Cir. 2003).

Here, the Photograph is more akin to a factual work than a creative work. Plaintiff does not allege that he constructed or created the message of the

-8-
NOTICE OF MOTION AND MEMORANDUM ISO MOTION TO DISMISS

Photograph, gave input on Ms. Holmes' styling or fashion decisions, directed the positioning, hand gestures, or facial expression of Ms. Holmes, or do anything except snap candid photos of Ms. Holmes walking in public. The candid nature of these photos in a public setting weighs in favor of fair use. *See Katz v. Google Inc.*, 802 F.3d 1178, 1183 (11th Cir. 2015) (affirming finding of fair use where photo at issue was "merely a candid shot in a public setting," and there was no evidence that the photographer "attempted to convey ideas, emotions, or in any way influence [Plaintiff's] pose, expression, or clothing.").

Because the Photograph was previously published and primarily factual, this factor weighs in favor of fair use.

### 3. *Amount and Substantiality of the Portion Used*

The third factor considers the "quantitative amount and qualitative value of the original work used in relation to the justification for that use." *Seltzer*, 725 F.3d at 1178. The Supreme Court has recognized that the "extent of permissible copying varies with the purpose and character of the use." *Campbell*, 510 U.S. at 586-87. Thus, this factor "will not weigh against an alleged infringer, even when he copies the whole work, if he takes no more than is necessary for his intended use." *Seltzer*, 725 F.3d at 1178; *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1167 (9th Cir. 2007) (even the copying of an entire image to allow users to recognize and decide whether to pursue more information about it was fair use).

Here, Defendant's use of the entire Photograph was necessary to achieve Defendant's goal of commenting on the fashion of Ms. Holmes' outfit. *See Seltzer*, 725 F.3d at 1178-79. The transient nature of Instagram *stories*—which automatically disappear after 24 hours—further supports a finding that the use of the Photograph was as limited as possible, appearing only as long as was needed for Defendant to provide commentary. Accordingly, this factor weighs in favor of fair use.

### 4. *Effect of the Use on the Potential Market For or Value of the Work*

The fourth factor considers the extent of market harm caused by the alleged infringement, and whether widespread similar conduct would result in an adverse impact on the market. *Campbell*, 510 U.S. at 590. "When a use is transformative and non-commercial, it is difficult to infer market harm." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 881.

Here, Plaintiff alleges that he "created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution," and that he "commercially licens[ed] it to a third party media company or agency for the purpose of display and/or public distribution." (Dkt. 22 at ¶¶ 18-19.) Yet, beyond this vague explanation of Plaintiff's alleged business model, the FAC does not explain what the potential market for his photographs is, let alone how the market could be impacted by Defendant's single transient Instagram story, after the Photograph has already been previously published, for purposes of commenting on the fashion aspects of Ms. Holmes' outfit.

Without any *factual* allegations related to the purported market harm, this factor weighs in favor of a finding of fair use.

In sum, each of the fair use factors weighs heavily in favor of a finding of fair use. Because all facts necessary to establish fair use are evident on the face of the FAC, the case should be dismissed in its entirety. *See Kelly-Brown*, 717 F.3d at 308.

### IV. **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests the Court to dismiss without leave to amend this entire action for failure to state a claim.

DATED: January 3, 2024  VENABLE, LLP

By: */s/ David E. Fink*
David E. Fink
Sharoni S. Finkelstein

*Attorneys for Defendant Chrissy Teigen*